UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS MCGINNIST, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:14 CV1276 SNLJ(ACL) |
| JAMES HURLEY, | ) |
| Respondent. | ) |

## ORDER

This matter is before the Court on the Petition of Dennis McGinnist for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Presently pending before the Court is Petitioner's "Motion For a[n] Order of Stay and Abeyance of Claims Not Preserved in Missouri State Courts" (Doc. 5), and his related "Request for Clarification of Motion For Stay and Abeyance" (Doc. 10). Also pending is Petitioner's Motion to Appoint Counsel (Doc. 4.); and Petitioner's Motion for Extension of Time (Doc. 24). The undersigned will discuss each of the Petitioner's Motions in turn.

**1.      Motion for Stay and Abeyance**

In his Motion, Petitioner argues that the instant federal habeas action should be stayed because he is awaiting adjudication of unexhausted claims currently pending in a Missouri state habeas corpus petition. Specifically, Petitioner admits that he failed to present the claims raised in grounds six through twenty-three[1] to the state courts. Petitioner subsequently filed a "Request for Clarification of Motion for Stay and Abeyance," in which he informs the Court that his state habeas corpus petition is still pending and renews his request for a stay and abeyance. (Doc. 10.)

---

[1]Although Petitioner refers to "claims 6-23" in his motion to stay, he only raised eighteen grounds for relief in his Petition. (Doc. 1.)

1

Respondent filed a response to the Motion for Stay and Abeyance in which he contends that Petitioner is not entitled to a stay and abeyance of his claims, and requests that the Court deny Petitioner's motion. (Doc. 23.)

The "stay and abeyance" procedure in habeas actions is used when a federal habeas petitioner presents a "mixed" habeas petition containing exhausted and unexhausted claims. Under this procedure, a federal district court has discretion to stay the habeas action to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his petition. Rhines v. Weber, 544 U.S. 269, 275-76 (2005). Stay and abeyance is only appropriate in limited circumstances, when the district court finds good cause for a petitioner's failure to exhaust his claims in the state court, and the unexhausted claims are not "plainly meritless." Id. at 277. "[I]f no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in [28 U.S.C.] § 2254(b) is satisfied," but the claim may have been procedurally defaulted in state court. Armstrong v. Iowa, 418 F.3d 924, 926 (8th Cir. 2005). In such cases, a stay and abeyance is unnecessary, and the Court must instead consider whether the claim has been procedurally defaulted, and if so, whether the default may be excused. Id.

In this case, Petitioner was required to raise his claims of trial court error (grounds six, nine, twelve, and fifteen) to the trial court and on direct appeal, and to raise his claims of ineffective assistance of trial and appellate counsel (grounds seven, eight, ten, eleven, thirteen, fourteen, sixteen, seventeen, and eighteen) in his post-conviction relief motion within 90 days of the appellate court mandate. See Mo. Sup. Ct. R. 29.15; Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994). Petitioner's failure to raise grounds six through eighteen in State court resulted in the

procedural default of these claims. Although Petitioner claims he has raised these claims in a state habeas corpus action, this action would be futile. See Duvall v. Purkett, 15 F.3d 745, 747 (8th Cir. 1994). Because Petitioner does not have any non-futile state court remedy left to exhaust, a stay and abeyance is unnecessary. Thus, Petitioner's motion to stay will be denied.

2. **Motion to Appoint Counsel**

Habeas proceedings are civil in nature, and, thus, habeas petitioners have no Sixth Amendment right to counsel. See Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994); McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997) ("there is neither a constitutional nor statutory right to counsel in habeas proceedings"). Section 2254, which addresses the appointment of counsel, reads:

> (h) Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel for an applicant who is or becomes financially unable to afford counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.

28 U.S.C. § 2254 (h). A Magistrate Judge or District Judge may appoint counsel for a habeas petitioner if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Except when an evidentiary hearing is held, the court may use its discretion in deciding whether to appoint counsel. See Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir.1994). To determine whether appointment of counsel is warranted, the court should examine the nature of the litigation, the litigant's ability to do research and present his claims, and the complexity of the issues. See id.; McCall, 114 F.3d at 756.

A review of the pro se Petition, as well as the additional documents filed in this case, indicates that they adequately present Petitioner's issues. The instant Petition raises eighteen

3

grounds for relief. The Court notes that none of these claims appear legally or factually complex and that Petitioner has clearly presented his claims to this Court for adjudication.

The undersigned finds that neither the interests of justice nor due process requires the appointment of counsel at this stage of the litigation. Petitioner's motion will be denied without prejudice, meaning that it may be brought again at a later time if it appears that justice would require the appointment of counsel.

**3.     Motion for Extension**

Petitioner has filed a Motion for Extension of Time, in which he requests thirty days from the Court's ruling on his Motion for Stay and Abeyance to file a Traverse. Petitioner's motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's "Motion For a[n] Order of Stay and Abeyance of Claims Not Preserved in Missouri State Courts" (Doc. 5) be and it is **denied.**

**IT IS FURTHER ORDERED** that Petitioner's "Request for Clarification of Motion For Stay and Abeyance" (Doc. 10) be and it is **denied**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel (Doc. 4) be and it is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner shall have **thirty days** to file a Traverse.

                                        */s/ Abbie Crites-Leoni*
                                      ABBIE CRITES-LEONI
                                      UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of January, 2015.